struction defendant in error would not be liable for partnership debts, even if she was in truth a member of the partnership, if, while doing business in the firm name, she by her partnership agreement kept the management of the millinery business exclusively under her control.

These instructions could not help but be harmful, and while we greatly regret the necessity for so doing, we see no alternative under the recognized rules of law but to reverse the judgment and remand the cause for the errors pointed out.

*Reversed and remanded.*

---

**Clinton E. Graves and Charles F. Hurburgh, copartners, trading as Graves & Hurburgh, for use, etc., Plaintiffs in Error, v. Toledo, Peoria & Western Railway Company, Defendant in Error.**

### (Not to be reported in full.)

Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916.

### Statement of the Case.

Action by Clinton E. Graves and Charles F. Hurburgh, copartners, trading under the firm name and style of Graves & Hurburgh, for use, etc., plaintiffs, against the Toledo, Peoria & Western Railway Company, a corporation, defendant, to recover for the destruction of a grain elevator and its contents owned by the plaintiffs, alleged to have been caused by the negligence of the defendant. To review a judgment for defendant, plaintiffs prosecute a writ of error.

The elevator stood on the defendant's right of way under a lease of the ground by the railroad company

to the plaintiffs' vendor, which lease stipulated that the railroad company would not be liable to the owners of the building for damage on account of injuries to the elevator or its contents caused by the lessor or any of its employees, or by fire originating from its locomotives. The plaintiffs took possession apparently with the consent of the defendant, but no new lease was entered into by them. The loss having been paid to the plaintiffs by an insurance company, the plaintiffs brought this suit for the use of the company.

OGLEVEE & FRANKLIN and BARGER & HICKS, for plaintiffs in error; C. O. CARLSON, of counsel.

STEVENS, MILLER & ELLIOTT, for defendant in error; FIFER & BOHRER, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 415*—*when lessee's successor is presumed to know terms of lease.* Purchasers of a grain elevator standing on a railroad company's right of way, the railroad company not being the owner of the building but the lessor, to the owner, of the land on which it stood, *held* presumed to know not only that the building was on the right of way under some arrangement between the owner and the railroad company, but also what that arrangement was.

2. RAILROADS, § 166*—*what use of its right of way a railroad company is not obliged to permit.* A railroad company is under no obligation to permit an elevator to be placed upon its right of way, and if it does so it has the right to exact such terms and conditions as it deems fit to impose as a basis of permitting it to be placed there.

3. LANDLORD AND TENANT, § 415*—*when lessee's successor is bound by the original lease.* In an action by the owners of a grain elevator standing on the right of way of the railroad company against the railroad company for loss of the building and its contents by fire alleged to have been caused by sparks emitted by de-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fendant's locomotive, *held* that, although there was no lease for the ground entered into between the parties, the plaintiffs were bound by the terms of a lease of the ground by the defendant to the plaintiffs' vendor of the building, which provided that the defendant should not be liable for any damage caused by fire resulting from the operation of its railroad whether or not the plaintiffs knew of such lease.

## Wilbert Roberts, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Edgar county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916. Rehearing denied December 2, 1916.

### Statement of the Case.

Action by Wilbert Roberts, plaintiff, against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, defendant, under the Federal Employers' Liability Act for personal injuries. From a judgment for plaintiff for $4,500, defendant appeals.

Plaintiff, a boy under twenty years of age, was one of defendant's employees, who, with fifty or more others, were conveyed by defendant daily between their homes at or near Evansville, Indiana, and the place where the work they were engaged in was being prosecuted. The conveyance employed on the day in question to transport these laborers was a locomotive, to the rear end of which was attached a tender and to the front end of which one coach was attached, the engine being run backward, pushing the tender and pulling the coach. It was being run by a man who was not